UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,           Case No. 4:04-cr-50044-1

v.           Honorable Thomas L. Ludington
          United States District Judge

MUKUNDA DEV MUKHERJEE,

          Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CHANGE VENUE**

In February 2006, a jury found Defendant guilty of 44 counts of illegal distribution, 21 U.S.C. § 841(a)(1). ECF No. 80. Eight months later, Judge Paul Gadola sentenced Defendant to 328 years' imprisonment "intended to accomplish a life sentence." ECF No. 122. In August 2008, the Sixth Circuit affirmed Defendant's conviction and sentence. ECF No. 154.

In May 2010, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 160. Judge Gadola retired, and Defendant's case was reassigned to the undersigned. *See* ECF No. 204. In April 2013, Defendant's Motion to Vacate was denied, ECF No. 207, which was affirmed on appeal two months later, ECF No. 216.

In January 2021, Defendant filed a motion for compassionate release due to COVID-19. ECF No. 226. His Motion was denied with prejudice. ECF No. 234. Defendant appealed that denial and concurrently filed a motion for reconsideration. ECF Nos. 236–38. The Motion for Reconsideration was denied, ECF No. 240, and Defendant lost his appeal, ECF Nos 241; 245.

On March 14, 2022, Defendant sent a letter to this Court requesting a change in venue to file a second motion for compassionate release with a different judge. *See* ECF No. 246. The Government opposes his request. ECF No. 249.

Once a case is assigned to a particular judge, the Clerk's Office maintains that assignment for most future proceedings. A case may be reassigned under a general reassignment of a group of cases by Administrative Order, or by the specific reassignment of a particular case. The undersigned is not aware of any general or specific reassignment of this case.

Under the longstanding practice of continuing an assignment once it has been made, the undersigned resolved Defendant's first motion for compassionate release. Defendant's future motions would also likely be assigned to the undersigned absent an applicable Administrative Order or reassignment of this case.

There is no apparent legal authority to grant Defendant's request, nor has Defendant cited any. The Federal Rules of Criminal Procedure allow a discretionary change of venue for trial but not for postconviction matters. *See* FED. R. CRIM. P. 21. Such a change of venue refers would transfer Defendant's trial to a different United States District Court, which is inapt, as Defendant does not face a future trial. Two federal statutes allow for disqualification of judges whose impartiality might reasonably be questioned or who have a personal bias or prejudice against a party. *See* 28 U.S.C. §§ 144, 455. But the Supreme Court has explained that such requests are generally not warranted for mere judicial decisionmaking; Defendant must allege extrajudicial bias. *See Liteky v. United States*, 510 U.S. 540, 546–47 (1994); *LeVay v. Morken*, No. 1:20-CV-13146, 2022 WL 766442, at *4–6 (E.D. Mich. Mar. 11, 2022).

"Reassignment 'is an extraordinary power and should be rarely invoked.'" *United States ex rel. Williams v. Renal Care Grp.*, 696 F.3d 518, 533 (6th Cir. 2012) (quoting *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006)). Defendant's only cited reason for reassignment is that the undersigned "was not [Defendant's] sentencing judge." ECF No. 246 at PageID.4550. Although Defendant's statement is true, his sentencing judge has retired, and there is no

perceivable defect in the process by which this case was assigned to the undersigned. Nor is there any apparent bias or lack of partiality on the undersigned's part. Defendant may contest disagreeable orders through a motion for reconsideration or a notice of appeal.

Accordingly, it is **ORDERED** that Defendant's Motion to Change Venue, ECF No. 246, is **DENIED**.

Dated: April 19, 2022                           s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge