UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 4:4-cr-50044-1

v.                                          Honorable Thomas L. Ludington
                                                    United States District Judge

MUKUNDA DEV MUKHERJEE,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

This matter is before this Court upon Defendant Mukunda Dev Mukherjee's Motion for Compassionate Release, ECF No. 252. As explained hereafter, his Motion will be denied.

**I.**

In February 2006, a jury found Defendant guilty of 44 counts of illegal distribution, 21 U.S.C. § 841(a)(1). ECF No. 80. Eight months later, District Judge Paul Gadola sentenced Defendant to 328 years' imprisonment "intended to accomplish a life sentence." ECF No. 122. In August 2008, the Sixth Circuit affirmed Defendant's conviction and sentence. ECF No. 154.

In May 2010, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 160. Judge Gadola retired, and Defendant's case was reassigned to the undersigned. *See* ECF No. 204. In April 2013, Defendant's Motion to Vacate was denied, *Mukherjee v. United States*, No. 04-50044, 2013 WL 1800406 (E.D. Mich. Apr. 29, 2013), and then affirmed on appeal 14 months later, *Mukherjee v. United States*, 568 F. App'x 395 (6th Cir. 2014) (unpublished).

In January 2021, Defendant filed a motion for compassionate release due to COVID-19. ECF No. 226. His motion was denied "with prejudice." *United States v. Mukherjee*, No. 04-50044-

01, 2021 WL 1165605 (E.D. Mich. Mar. 26, 2021). He filed a notice of appeal and a motion for reconsideration. ECF Nos. 236–38. The motion for reconsideration was denied, ECF No. 240, and his appeal was dismissed as untimely, ECF Nos. 241; 245.

In March 2022, Defendant filed a motion requesting a change in venue to file a second motion for compassionate release with a different judge, ECF No. 246, which was denied, *United States v. Mukherjee*, No. 4:04-CR-50044-1, 2022 WL 1163998 (E.D. Mich. Apr. 19, 2022).

In May 2022, Defendant filed a second motion for compassionate release—his sixth attempt to reduce his sentence to some extent. ECF No. 252. The Government opposes his request. ECF No. 256.

As explained hereafter, Defendant's second Motion for Compassionate Release will be denied with prejudice because he has demonstrated neither (1) an extraordinary and compelling reason for release, nor (2) that the factors set forth in 18 U.S.C. § 3553 warrant release.

**II.**

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any

applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then this Court may deny compassionate release without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

#### A.

The first issue is whether, before filing his Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

Defendant filed his April 20, 2022 request, to which the BOP has not responded. *See* ECF No. 255 at PageID.4612. Accordingly, Defendant has generally exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A).

#### B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Congress did not define "extraordinary and compelling reasons," but the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as

part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis requiring courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling" as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances six reasons for compassionate release: (1) the COVID-19 pandemic (2) his medical conditions, (3) that he was wrongfully convicted and received an excessive sentence, (4) a nonretroactive change in law, (5) that he is rehabilitated, and (6) the conditions of his confinement. *See* ECF No. 252 at PageID.4572–90. Whether considered independently or together, those reasons are neither extraordinary nor compelling.

**i.**

Defendant cites the COVID-19 pandemic as an extraordinary and compelling reason for release from prison. *Id.* at PageID.4583.

He notes that the COVID-19 virus is mutating. Yet the Centers for Disease Control and Prevention (CDC) maintains that COVID-19 vaccines "are highly effective . . . against the Delta variant," *Delta Variant: What We Know About the Science*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html [https://perma.cc/C8SK-RJAA], and the Omicron variant. *See Omicron Variant: What You Need to Know*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html [https://perma.cc/SVG4-XQM8]. Defendant has not identified any other COVID-19 variants or their effect on his facility. Further, the BOP reports that Defendant's facility has only one inmate with COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited June 30, 2022). Moreover, he is fully vaccinated and successfully survived a COVID-19 infection. ECF No. 252 at PageID.4584. Thus, any mutations of COVID-19 are not extraordinary or compelling.

Despite its adverse effects on Michigan's prisoners, several courts, including this Court, have found that COVID-19 is neither extraordinary nor compelling for purposes of § 3582(c)(1)(A). *E.g.*, *United States v. Hogg*, No. 1:11-CR-20220, 2022 WL 851719, at *4 (E.D. Mich. Mar. 22, 2022); *United States v. Burlingame*, No. 1:15-CR-20042, 2021 WL 5198510, at *4 (E.D. Mich. Nov. 9, 2021) (collecting cases). Plus, the Sixth Circuit Court of Appeals has emphasized that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).

Defendant offers no reason to depart from that wisdom. Accordingly, Defendant has not demonstrated that COVID-19 is extraordinary or compelling.

### ii.

Defendant next explains that he is 80 years old and suffers from hypertension, type-2 diabetes, and obesity. *Id.* at PageID.4583. He also claims to suffer from a "constellation of other medical conditions," including chronic kidney disease, hypothyroidism, an enlarged prostate, and respiratory disorders. *Id.* Defendant's age, obesity, diabetes, and high blood pressure increase or likely increase his risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/48WC-PZ7R]. But he contracted and recovered from COVID-19. ECF No. 252 at PageID.4584. His proven resilience to COVID-19 belies the alleged comorbidity of his diagnoses. His diagnoses are also not extraordinary or compelling by themselves.

Defendant has not specified from which respiratory disorders he suffers. Thus, this Court cannot consider that issue independently.

Defendant's hypertension is neither extraordinary nor compelling. Hypertension is very common and thus not extraordinary. Thomas M. Coffman, *Under Pressure: The Search for the Essential Mechanisms of Hypertension*, 17 NATURE MED. 1402, 1402 (2011) ("High blood pressure, or hypertension, is a very common disorder. . . ."). But according to the CDC, hypertension is a known risk factor for COVID-19. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/4MB5-R8AC]. Because Defendant recovered from COVID-19 while suffering from hypertension, this reason is also not compelling.

Diabetes is not an extraordinary or compelling reason for compassionate release. *See United States v. Hart*, No. 1:13-cr-20194, 2021 U.S. Dist. LEXIS 200655, at *4 n.2 (E.D. Mich. Oct. 19, 2021) ("But even a *verified* diabetes misdiagnosis by the prison system that resulted in a toe amputation would not likely constitute an extraordinary or compelling reason for release." (citing Michelle J. Cox, Doctors Are Not Gods: Taking Responsibility for Our Own Health and Wellbeing (2020)).

Obesity is neither extraordinary nor compelling. Obesity is very common. *Adult Obesity Facts*, CDC, https://www.cdc.gov/obesity/data/adult.html [https://perma.cc/3ZSL-G65M] ("The US obesity prevalence was 41.9% in 2017—March 2020."). Although obesity is a known risk factor for COVID-19, *see United States v. Smith*, No. 1:16-CR-20677-8, 2022 WL 391959, at *4 (E.D. Mich. Feb. 8, 2022) (citing *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/4MB5-R8AC]), it is also not compelling. *United States v. Smith*, No. 1:16-CR-20677-8, 2022 WL 391959, at *4 (E.D. Mich. Feb. 8, 2022).

Defendant's kidney disease is also not an extraordinary or compelling reason to grant compassionate release. *See United States v. Gordon*, No. 92-81127, 2020 WL 4788023, at *5 (E.D. Mich. Aug. 18, 2020) (denying compassionate release for defendant with monitored chronic kidney disease because it "supports, but does not establish, [an] extraordinary and compelling reason[]"). He has not shown either that the medical care at USP Terre Haute is inadequate or that he is not receiving adequate treatment for his kidney disease. He argues that the "[m]edical staff often refuse to treat prisoner symptoms" but provides no evidence or example. ECF No. 252 at PageID.4586. Although Defendant's kidney disease puts him at an elevated risk of developing serious COVID-19 symptoms, "a generalized risk of contracting COVID-19 and

potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Wright*, No. 10-CR-20185-01, 2020 WL 6382870, at *4 (E.D. Mich. Oct. 30, 2020) (quoting *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

The CDC does not identify hypothyroidism or an enlarged prostate as conditions that increase the risks of COVID-19. *See Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Professionals*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html [https://perma.cc/FC7P-N494]; *see also United States v. Numann*, No. 16-00025, 2020 WL 1977117, at *3 (D. Alaska Apr. 24, 2020) (finding that epilepsy and hypothyroidism were not extraordinary and compelling reasons for release during the COVID-19 pandemic). Thus, these ailments are not compelling circumstances, even if extraordinary in some sense.

Although 80 years old with diabetes, kidney disease, hypertension, and respiratory disease is not common, it is nevertheless not compelling under the circumstances because of the availability of the vaccine. For those reasons, Defendant's health conditions are not extraordinary or compelling.

### iii.

Defendant claims he was wrongfully convicted and received an excessive sentence. But sentencing errors are not extraordinary or compelling reasons for compassionate release. *See, e.g.*, *United States v. McKinnie*, 24 F.4th 583 (6th Cir. 2022) (holding that a sentence imposed in the possibly erroneous belief that the defendant was a career offender does not create extraordinary and compelling reasons for a sentence reduction); *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021) (holding that a sentence imposed under the mandatory Sentencing Guidelines cannot be

reduced simply because the Supreme Court later made them advisory). Even so, these arguments lack merit.

Defendant argues that his crimes were "legal, helpful[,] and in good faith." ECF No. 252 at PageID.4580. Rather than accept responsibility for his conduct, he attacks the prosecutor for "prosecutorial over-reach," using "hired experts and paid informants," and denying him a "fair process." *Id.* at PageID.4576–78, 4580. And he included a "letter of apology" in which he, among other things, shifts blame to the investigating detective for snorting cocaine in his bathroom, his lawyers for forcing him into trial, Judge Gadola for discharging the only Black juror, Mother Theresa for telling him to help others, and God for wanting him to do what he did. *See* ECF No. 255 at PageID.4614–19. But Defendant's conviction and later affirmances on direct appeal and collateral review demonstrate that his conduct was not legal or beneficent. *See also Romans* 13:1 (Douay-Confraternity) ("[H]e who resists the authority [of man] resists the ordinance of God."). Lack of acceptance might be excused for a defendant who pleaded guilty without acknowledging factual guilt. *See, e.g.*, Daniel S. Medwed, *The Innocent Prisoner's Dilemma: Consequences of Failing to Admit Guilt at Parole Hearings*, 93 IOWA L. REV. 491, 494 n.7 (2008) (discussing the possible impropriety of parole boards who penalize "Alfred plea" convicts for maintaining innocence). But Defendant is no such person. While represented by paid counsel, Defendant was found guilty by a jury of his peers for 44 counts of illegal distribution. His apparent failure to accept responsibility is not an extraordinary or compelling reason to reduce his life sentence.

And nothing in the record demonstrates a sentencing error. After a full round of briefing, *see* ECF Nos. 114–118, Judge Gadola conducted a two-day sentencing hearing, considered the various sentences available, analyzed each count of illegal distribution, explained Defendant's guideline enhancements and the need for a severe sentence, and imposed an appropriate sentence

for each count, *see* ECF Nos. 121; 122; *see also* 18 U.S.C. § 3553(a). That diligence has all the sound of reason, not the stench of error.

### iv.

Defendant's reliance on a nonretroactive change in law also fails, as he did not raise the issue in his request for compassionate release to the BOP. He argues that "the full retroactive effect should be considered because these criminal prosecutions of physicians regarding the scope of their practice, are rooted in prosecutorial overreach, violating the fundamental rights of the [a]ccused in a [f]air [t]rial." ECF No. 252 at PageID.4581 (quoting *Griffith v. Kentucky*, 479 U.S. 314, 107 (1987)).

"This Court may consider arguments not presented to the BOP." *United States v. Hopkins*, No. 1:18-CR-20166, 2022 WL 187770, at *2 (E.D. Mich. Jan. 19, 2022) (first citing *United States v. Hart*, No. 1:13-cr-20194, 2021 U.S. Dist. LEXIS 200655, at *3 (E.D. Mich. Oct. 19, 2021); then citing *United States v. De La Cruz*, No. 1:18-cr-20316-02, 2021 U.S. Dist. LEXIS 197763, at *3 (E.D. Mich. Oct. 14, 2021); and then citing *United States v. Curney*, No. 1:15-cr-20314, 2021 U.S. Dist. LEXIS 192581, at *4 (E.D. Mich. Oct. 5, 2021)).

But the purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020). The BOP has not yet had the opportunity to consider whether Defendant's purported nonretroactive change in law justifies releasing him or reducing his sentence. This legal issue is not exigent enough to remove the BOP from the equation. *See Curney*, 2021 U.S. Dist. LEXIS 192581, at *4.

Because Defendant did not exhaust this issue with the BOP, it will not be considered. Defendant must raise this issue with the BOP first.

**v.**

Defendant next asserts that his rehabilitation is an extraordinary and compelling reason for compassionate release. For example, he has completed some educational courses and taught a few courses to other inmates. ECF No. 252 at PageID.4589. Although Defendant is commended for being an exemplary inmate, rehabilitation alone cannot be an extraordinary and compelling reason for compassionate release. *United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021).

**vi.**

Defendant argues that the conditions of his confinement are extraordinary and compelling reasons for release. Defendant argues that he should be in a lower security facility. ECF No. 252 at PageID.4587. But, as the Government contends, "the Bureau of Prisons has sole discretionary authority to designate the place of an inmate's imprisonment." ECF No. 256 at PageID.4636 (quoting 18 U.S.C. § 3621(b)); *see also Tapia v. United States*, 564 U.S. 319, 320 (2011) (holding that, though a sentencing court can recommend a particular facility, the authority solely rests with the BOP); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (stating that Congress has given federal prison officials full discretion over the conditions of confinement). Thus, this Court may not consider the propriety of Defendant's appropriate security level. Even so, Defendant is a "high security inmate." ECF No. 256-2 at PageID.4642. Therefore, Defendant's assignment to USP Terre Haute is neither extraordinary nor compelling.

Defendant adds that the packaging, food, and commissary items being served on plastic trays in prison might cause birth defects and other problems. But Defendant has already been born, so he is not at risk for birth defects. And his other "generalized statements on conditions of confinement within the BOP" "cannot satisfy his burden of proof." *United States v. Koons*, 455 F. Supp. 3d 285, 290 (W.D. La. 2020); *accord United States v. Carlisle*, No. CR 15-30, 2020 WL

7212998, at *5 (W.D. La. Dec. 7, 2020) ("[T]he conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances.").

Therefore, his security level, the food trays, and his other conditions of confinement are neither extraordinary nor compelling.

### vii.

Similarly, Defendant's reasons, taken in concert, do not support a sentence reduction. *Lemons*, 15 F.4th at 747 ("[T]he combination of grounds for release, none of which independently supports a sentence reduction, does not collectively 'entitle a defendant to a sentence reduction.'" (quoting *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021))); *see also United States v. Hunter*, 12 F.4th 555, 563 n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation); *United States v. McKinnie*, 24 F.4th 583, 589 (6th Cir. 2022) ("[T]he district court acted within its discretion by declining to find that these aggregate considerations necessitated a sentence modification." (citing *Lemons*, 15 F.4th at 749)).

Therefore, Defendant has not demonstrated an extraordinary or compelling reason for a sentence reduction.

### C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may

- 12 -

deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>   . . . .
> (5) any pertinent policy statement—
>   . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district

court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Despite briefly addressing the § 3553 factors, *see* ECF No. 252 at PageID.4591–92, Defendant has not overcome the presumption of accuracy in his original sentence. The "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). Indeed, Judge Gadola surely appreciated the full gravity of Defendant's offenses and characteristics by presiding over Defendant's trial and conducting a two-day sentencing hearing before imposing a 328-year sentence. Moreover, this Court has already considered many of the same arguments in denying Defendant's first motion for compassionate release. *See generally United States v. Mukherjee*, No. 04-50044-01, 2021 WL 1165605 (E.D. Mich. Mar. 26, 2021). Defendant has not demonstrated a flaw in either analysis.

Defendant's long remaining sentence weighs heavily against release. The Sixth Circuit has repeatedly affirmed denials of compassionate release under § 3553(a) when the defendant has a long-remaining sentence, even recently. *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020); *see United States v. Kincaid*, 802 F. App'x 187, 188–89 (6th Cir. 2020) (unpublished); *United States v. Austin*, 825 F. App'x 324, 326 (6th Cir. 2020) (unpublished); *see also United States v. Kincaid*, 805 F. App'x 394, 395–96 (6th Cir. 2020) (unpublished) ("[W]e don't think [the defendant] raises a close question."). This is because the original sentence already reflects the district court's evaluation of "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law" under § 3553(a)(2)(A). *Kincaid*, 802 F. App'x at 188; *accord Ruffin*, 978 F.3d at 1008. The same remains true here.

Defendant has only served roughly 15 years of his 328-year sentence. Indeed, he has more than 312 years imprisonment to serve. Defendant's reasons for release must "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the time remaining on Defendant's sentence, requiring him to justify the magnitude of his requested sentence reduction. *Id.* Thus, Defendant must demonstrate that his reasons for release are so powerful that they "warrant" a 312-year "reduction." *See id.*; *Ruffin*, 978 F.3d at 1008.

Defendant's history and characteristics affirm the accuracy of his original sentence. From January 2003 to June 2004, he prescribed 487,608 dosage units of controlled substances and 1,026,226.5 dosage units of prescription cough syrup. ECF No. 230 at PageID.4314–22. Defendant starkly prescribed more 80 mg Oxycontin prescriptions than any other physician in Michigan (more than the entire University of Michigan Hospital). ECF No. 230-2 at PageID.4315. "Patients" used drugs in his clinic bathroom. ECF No. 230-3 at PageID.4324. Often working as late as 2:00 AM, he would see and prescribe medication for two to four unrelated "patients" at a time with no physical examination. *Id.* at PageID.4324–26. At the end of his cross-examination at trial, he testified that he does not think he did anything wrong, and that he would do it again if he could. ECF No. 230-4 at PageID.4330. His refusal to accept responsibility for his crime belies leniency, and the risk of recidivism evident from his lack of remorse cannot warrant a discount.

In addition to refusing to accept responsibility, Defendant was dishonest with this Court. While Defendant's previous compassionate-release motion was pending, he contracted and successfully recovered from COVID-19. ECF No. 252 at PageID.4584. When the Government mentioned it to this Court, Defendant denied contracting COVID-19. ECF 231. Yet he now admits that he contracted and survived COVID-19 but has not apologized for or acknowledged lying to this Court. ECF No. 252 at PageID.4584. He incorrectly claims his guideline calculation was "not

greater than 70–87 months", *id.* at PageID.4565, even though his guideline range was life in prison. *United States v. Mukherjee*, 289 F. App'x 107, 112 (6th Cir. 2008) (unpublished). He claims he is eligible for a low-level facility or a camp. ECF No. 252 at PageID.4587. But the BOP considers him to be a "high security inmate." ECF No. 256-2 at PageID.4642. And though he claims he has never had a disciplinary infraction during his entire sentence, *see* ECF No. 252 at PageID.4565, he received two minor infractions in 2015, *see* ECF No. 256-3 at PageID.4643. Whether these misrepresentations were intentional or mere oversight, they do not compel a 312-year reduction.

A sentence reduction is not warranted at this time. Given the nature, circumstance and seriousness of his underlying offense, his unwillingness to accept responsibility, his numerous misrepresentations, and the "need to afford adequate deterrence," *see* 18 U.S.C. § 3553(a), Defendant should continue to serve his remaining 312-year sentence.

Defendant has not carried his burden to convince this Court that his § 3553(a) analysis would be different today; the § 3553(a) factors do not warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, his Motion will be denied.

### IV.

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 252, is **DENIED WITH PREJUDICE**.

Dated: July 12, 2022                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge